IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RAMOS and ALBERTO PIŇERA,<br><br>  Plaintiffs,<br><br>  v.<br><br>DISTRICT COUNCIL 16,<br>INTERNATIONAL UNION OF<br>PAINTERS AND ALLIED TRADES,<br><br>  Defendant.<br>_____/ | No. C 13-03025 WHA<br><br>**ORDER DENYING MOTION<br>TO REMAND AND GRANTING<br>MOTION FOR JUDGMENT<br>ON THE PLEADINGS** |

### INTRODUCTION

In this action by two painters against their former union, plaintiffs move to remand and defendant moves for judgment on the pleadings. For the reasons stated below, plaintiffs' motion to remand is **DENIED**. Defendant's motion for judgment on the pleadings is **GRANTED**.

### STATEMENT

Plaintiffs Luis J. Ramos and Alberto Piňera filed this action in state court. It was then removed to this district by defendant District Council 16, International Union of Painters and Allied Trades, AFL-CIO. Plaintiffs were members of IUPAT until they were ousted in August 2011. Plaintiffs allege six claims for relief against defendant (three for each plaintiff).

The first and fourth claims for relief are labeled "Unfair Labor Practices." Plaintiffs' complaint quotes the IUPAT constitution and by-laws and alleges that plaintiffs' due process rights were violated because of various procedural inadequacies at their expulsion hearing.

1  Plaintiffs were ousted from the union for working for non-unionized employers.  Their motion
2  argues, however, that there was a tacit agreement between the union and its members.
3  This agreement allegedly allowed members to "go from union contract employers to non-union
4  employers, depending on the availability of work" (Dkt. No. 9-1 at 5–6).  Because they were
5  not afforded the benefit of this common practice, plaintiffs' complaint alleges they were
6  discriminated against (Dkt. No. 1 ¶¶ 14, 38).  Plaintiffs further allege that their union termination
7  was "for reasons that were capricious, unreasonable discriminatory [sic] and which denied
8  [plaintiffs] due process rights protected and guaranteed by the State of California" (*ibid*.).

9      Plaintiffs' second and fifth claims for relief are labeled "Unfair Business Practices" that
10  allegedly violate California Business and Professions Code Section 17200.  Plaintiffs' complaint
11  alleges that "defendants committed, and continue to commit, acts of unfair competition, as
12  outlined herein, wrongfully, arbitrarily and [sic] capriciously oust[ed] persons of union
13  membership which deprives them of the right to earn a living" (*ibid*.).

14      Plaintiffs' third and sixth claims for relief are labeled "negligence."  Plaintiffs' complaint
15  alleges that defendant "negligently, carelessly, wrongfully and [sic] unlawfully managed,
16  maintained, controlled, hired, trained, supervised, and operated said business as to proximately
17  cause the damages and injuries hereinafter to be described" (*id*. ¶¶ 31, 55).

18      Defendant has filed a motion for judgment on the pleadings arguing that "plaintiffs'
19  claims are preempted by the Labor Management Relations Act" and that "the six-month statute
20  of limitations on such claims has expired" (Dkt. No. 5).  Plaintiffs failed to file an opposition or
21  a statement of non-opposition.  One day after the opposition deadline, plaintiffs filed a motion to
22  remand and a motion to continue both the initial case management conference and defendant's
23  motion for judgment on the pleadings (Dkt. Nos. 9, 10).  Plaintiffs' motion to remand argues
24  that the LMRA does not preempt their claims, thereby briefing the key issue in the defendant's
25  motion for judgment on the pleadings.  Defendant timely filed an opposition to plaintiffs' motion
26  to remand (Dkt. No. 18), but plaintiffs failed to file a reply.  In September 2013, an order issued
27  closing the briefing and denying plaintiffs' motion to continue (Dkt. No. 25). Oral arguments
28  were held on September, 26 2013.

2

**ANALYSIS**

**1.    PLAINTIFFS' MOTION TO REMAND.**

District courts have removal jurisdiction over all civil actions that present a claim arising under the laws, treaties, or Constitution of the United States. 28 U.S.C. 1331, 1441(a)–(b). District courts have federal-question jurisdiction over all state-law claims in areas where federal law completely preempts state law. The party asserting removal jurisdiction has the burden of persuasion to show that the state-law claims are preempted. *See Jimeno v. Mobil Oil Corp.*, 66 F.3d 1514, 1526 n.6 (9th Cir. 1995).

According to the "well-pleaded complaint rule," district courts have jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpiller Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). District courts do, however, have jurisdiction if the contents of the plaintiffs' complaint are completely preempted. *Id.* at 393.

The determinative issue for the instant motion to remand is thus whether Section 301(a) preempts plaintiffs' state-law claims. This order finds that it does.

Courts have long recognized that "the preemptive force of [Section 301] is so strong that [it] completely preempt[s] an area of state law." *Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 862 (9th Cir. 2003) (citation and quotation marks omitted). As such, "any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* at 861–62 (citation and quotation marks omitted).

Section 301 applies to "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations . . . ." 29 U.S.C. 185(a). Actions involving collective bargaining agreements fall under Section 301, but the Supreme Court has also held that "union constitutions are an important form of contract between labor organizations[,]" and thus fit directly within the framework of Section 301. *Wooddell v. Int'l Bhd. Of Elec. Workers, Local 71*, 502 U.S. 93, 101 (1991). In *Wooddell*, the Supreme Court squarely confronted the issue whether "under § 301(a) . . . the District Court had jurisdiction over [a] breach-of-contract

3

1  suit brought . . . by a union member against his local union," and held that a union member may
2  sue under Section 301 based on a theory that the union has acted contrary to its constitution or
3  bylaws. *Id.* at 95, 99–100.  Moreover, the Court noted that to hold otherwise could result in the
4  same document — the union constitution — being "given different meanings" by state and
5  federal courts. *Id.* at 102.

6        Plaintiffs ignore defendant's argument that union constitutions can serve as the basis
7  for Section 301 preemption and focus instead on arguing that a CBA is not at issue in this case
8  (Dkt. No. 9-1 at 3).  In light of *Wooddell*, plaintiffs' implicit argument that Section 301 is limited
9  to CBAs is incorrect.  Indeed, *Wooddell* makes clear that actions based on CBAs are one of *two*
10 statutory bases for a Section 301 action.  "Suits for violation of contracts . . . between any such
11 labor organizations" form the other basis.  29 U.S.C. 185(a).  The IUPAT constitution and
12 District Council 16 bylaws are such contracts.  As such, if plaintiffs' claims are grounded in,
13 or require interpretation of, the constitution or bylaws, they are preempted by Section 301.
14 *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007).

15       Plaintiffs' motion, citing *Burnside*, argues that in order for Section 301 to preempt
16 plaintiffs' claims, the "right the plaintiff is relying on must be conferred by the CBA <u>and</u> the
17 CBA has to be interpreted to decide the case" (Dkt. No. 9-1 at 5) (emphasis in original).  Not so.
18 Our court of appeals in *Burnside* stated that Section 301 preemption requires:

> an inquiry into whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA.  If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there . . . .  If, however, the right exists independently of the CBA, we must still consider whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'  If such dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed under state law.

24 *Burnside*, 491 F.3d at 1059-60 (citations omitted).  Plaintiffs treat a disjunctive holding as
25 conjunctive.  In *Burnside*, if the plaintiffs' claims *either* exist "solely as a result of the CBA" *or*
26 are "substantially dependent on analysis of a" CBA, the claims are preempted under Section 301
27 (*ibid.*).  *Burnside* does not provide the high hurdle for preemption that plaintiffs suggest.
28

4

In support of the proposition that a CBA is not at issue in this case, Plaintiffs' motion cites *Caterpiller*, 482 U.S. 386 (Dkt. No. 9-1 at 3). *Caterpiller* is not dispositive here for two reasons. *First*, the contract at issue in *Caterpiller* was an independent contract between union members and an *employer*. *Caterpiller*, 482 U.S. 388–89. Plaintiffs here do not argue that their claims are based on a contract between themselves and an employer. The contract at issue is a contract between plaintiffs and the *union*. *Second*, *Caterpiller* only evaluated the preemptive significance of claims grounded in a CBA and did not even consider whether claims grounded in a union constitution would have a similar preemptive effect. *Ibid.*

Plaintiffs' notice of motion states that "plaintiffs rely on state court claims and not on . . . the interpretation of the union constitution or rules and regulations (Dkt. No. 9 at 2). Plaintiffs' motion argues that their claims are based on a "tacit agreement" between the union and union members, which allowed members to "go from union contract employers to non-union employers" (Dkt. No. 9-1 at 5). This argument fails for two reasons. *First*, the gravamen of plaintiffs' claims is their right to be members of the union under the union constitution and bylaws. Regardless of another agreement between the union and union members, the union constitution and bylaws govern that relationship. *Second*, plaintiffs' complaint alleges that the "IUPAT did not follow its own procedures, rules and disciplinary mandates" (Dkt. No. 1 at 6). The source of these procedures, rules, and mandates goes unmentioned, but it can be assumed they stem from the union's governing documents. Plaintiffs' claims are grounded in the union constitution and bylaws and are preempted by Section 301.

This order recognizes that the facts of this action are slightly different than decisions cited. Courts have found that the involvement of union constitutions has been preemptive under Section 301 at later stages of litigation. At the removal stage however, prior decisions have involved only CBAs. This order, however, follows a district court decision in Arizona in holding that these distinctions are unimportant and that the analysis is the same. *See Arvizu v. AFSCME Local Union 2384*, No. CV-05-2437-PHX-NVW, 2005 WL 3434698, at *4 (Dec. 13, 2005) (Judge Neil Wake).

The latter half of plaintiffs' motion to remand relies on California Labor Code Section 1154 and *Pasillas v. Agricultural Labor Relations Board*, 156 Cal. App. 3d 312 (1984). Section 1154 of the California Labor Code and *Pasillas* are applicable only to agricultural settings and are therefore inapplicable here. CAL. LAB. CODE § 1155.7.

Plaintiffs' claims are therefore completely preempted by Section 301. The motion to remand is **DENIED**.

### 2.   DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS.

Our court of appeals has held:

> Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law. Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.

*Chavez v. United States*, 683 F.3d 1102, 1108–09 (9th Cir. 2012) (quotations omitted).

Defendant's motion argues that plaintiffs' claims are barred by a six-month statute of limitations (Dkt. No. 5-1 at 6). To make this argument, defendant characterizes plaintiffs' claims as violations of the duty of fair representation (*ibid.*). Though plaintiffs' claims may not be re-characterized as violations of the duty of fair representation, defendant is nevertheless correct that plaintiffs' claims are time-barred.

Section 301 of the LMRA has no directly applicable statute of limitations. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 158 (1983). Usually, courts apply the "most closely analogous statute of limitations under state law" (*ibid.*). *DelCostello*, however, chose to apply an analogous federal statute of limitations:

> [T]he Court has not mechanically applied a state statute of limitations simply because a limitations period is absent from the federal statute. State legislatures do not devise their limitations periods with national interests in mind, and it is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere with the implementation of national policies. Although state law is our primary guide in this area, it is not, to be sure, our exclusive guide.

(*id.* at 161) (citations and quotation marks omitted).

6

United States District Court
For the Northern District of California

1    The question here is whether a state or federal statute of limitations should apply to this
2 action. Under California Civil Procedure Code Section 337, the statute of limitations would
3 be four years. Under Section 10 of the NLRA, the statute of limitations would be six months.
4 This order finds that the six-month statute of limitations under Section 10 of the NLRA is more
5 appropriate because the claims in this action are closely analogous to the claims Section 10
6 already governs.

7    The claims in *DelCostello* were for breach of CBAs and for breach of the duty of fair
8 representation by the union. *DelCostello* applied the six-month statute of limitations from
9 Section 10 of the NLRA. Section 10 of the NLRA governs the statute of limitations for claims
10 of unfair labor practices. 29 U.S.C 160. In this action, the statute of limitations from Section 10
11 is even more appropriate than it was in *DelCostello*. Two of the claims for relief are unfair labor
12 practices and the four others are based on the same alleged misconduct.

13    Plaintiffs' expulsion hearing occurred in March 2011. They filed their complaint in
14 June 2013. Adopting the six-month statute of limitations from Section 10 of the NLRA,
15 plaintiffs' claims are therefore time-barred.

16    It is conceivable that plaintiffs could amend their complaint to assert a claim for relief
17 governed by a more lenient statute of limitations. If plaintiffs believe they can do so, they will
18 be allowed to file a motion seeking leave to amend.

### CONCLUSION

20    For the reasons set forth above, plaintiffs' motion to remand is **DENIED**. Defendant's
21 motion for judgment on the pleadings is **GRANTED**. Plaintiffs may seek leave to amend the
22 complaint and will have until **October 27**, **2013**, to file a motion, noticed on the normal 35-day
23 calendar, for leave to file an amended complaint. A proposed amended complaint must be
24 appended to this motion. Plaintiffs should plead their best case. The motion should clearly

1  explain how the amended counterclaim cures the deficiencies identified herein, and should
2  include as an exhibit a redlined or highlighted version identifying all changes.

4  **IT IS SO ORDERED.**

6  Dated: September 30, 2013

   WILLIAM ALSUP
   UNITED STATES DISTRICT JUDGE